

1355 Peachtree Street NE, Suite 500, Atlanta, GA, 30309   404.253.6000

May 16, 2016

James J. Swartz, Jr.
(404) 253-6046
jswartz@polsinelli.com

**VIA CM/ECF**

Magistrate Judge Ramon E. Reyes, Jr.
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   *Ansoralli et al. v. CVS Pharmacy, Inc.*, Case No. 16-CV-01506:
> CVS's Response To Plaintiffs' Letter Motion Compelling Discovery And Request To Stay Discovery Pending Resolution Of CVS's Anticipated Motion To Dismiss Plaintiffs' Complaint

Dear Judge Reyes:

We represent Defendant CVS Pharmacy, Inc. ("CVS") and write in opposition to Plaintiffs' May 11, 2016 letter motion seeking a discovery order compelling CVS to engage in discovery and respectfully request a brief stay of discovery pending resolution of CVS's anticipated motion to dismiss Plaintiffs' Complaint.

Plaintiffs' contention that CVS is refusing to engage in discovery and submit a case management plan is simply untrue and mischaracterizes the current dispute between the parties. Plaintiffs filed their letter motion seeking a discovery order immediately following a May 11, 2016 conference call between counsel regarding discovery and submission of a case management plan under Rule 26(f). During the conference call, Plaintiffs' counsel insisted on setting definitive discovery deadlines in the case management plan in order to engage in, among other discovery, broad and extensive ESI discovery. CVS's counsel explained that it believed extensive discovery was premature at this time pending resolution of CVS's anticipated dispositive motion to dismiss Plaintiffs' Complaint.

Because the parties were unable to reach a resolution with respect to the timing of discovery in this matter, CVS's counsel suggested that the parties follow the prescribed procedures set forth in Rule 26(f)(3) and prepare a case management order outlining each "parties' views and proposals" on the various topics listed in Rule 26(f), including the timing of discovery, and importantly, "any other orders that the court should issue under *Rule 26(c) or Rule 16(b)*." Fed. R. Civ. P. 26(f)(3)(A)-(F) (emphasis added). Plaintiffs' counsel, however, refused to submit a joint case management plan setting forth different "views and proposals" as provided by Rule 26(f), filing instead, the May 11, 2016 letter motion seeking an order compelling CVS to engage in discovery.

polsinelli.com

Atlanta   Boston   Chicago   Dallas   Denver   Houston   Kansas City   Los Angeles   Nashville   New York   Phoenix
St. Louis   San Francisco   Washington, D.C.   Wilmington



May 16, 2016
Page 2

On May 12, 2016, the Court entered a Scheduling Order requiring the parties to comply with Rule 26(f) and submit a case management order that will be addressed at an initial conference on June 9, 2016. (Dkt. No. 21.) CVS will fully comply with this Scheduling Order and outline its "views and proposals" in the case management report in accordance with Rule 26(f), which will include this request for a protective order under Rule 26(c) to stay discovery until resolution of its motion to dismiss. *See* Fed. R. Civ. P. 26(f)(3)(F). CVS understands that the Court will address these issues at the conference set for June 9, 2016.

Pursuant to Rule 26(c), this Court has broad discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c); *Thomas v. New York City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, *2 (E.D.N.Y. Sept. 14, 2010) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition for the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software and Information Servs., LLC v. RPost Int'l Ltd*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (citing *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 CIV 2120, 1996 WL 101277, *2 (S.D.N.Y. Mar. 7, 1996)). "[S]taying discovery pending judicial evaluation of the sufficiency of the complaint is consistent with the entire purpose of the stay provision[, which] is to avoid saddling defendants with the burden of discovery in meritless cases, and to discourage the filing of cases that lack adequate support for their allegations in the mere hope that the traditionally broad discovery proceedings will produce facts that could be used to state a valid claim. *Gardner v. Major Auto. Cos.*, 11 Civ. 1664, 2012 WL 1230135, *3 (E.D.N.Y. Apr.12, 2012) (internal citation and quotations omitted).

In determining whether to stay discovery pending the determination of a dispositive motion to dismiss, Courts consider the following factors: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Thomas*, 2010 WL 3709923 at *3. A "case-by-case" analysis is required, since such an inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case. *Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991).

Here, all of the factors weigh in favor of issuing a brief stay of discovery until resolution of CVS's anticipated motion to dismiss. First, CVS has made a strong showing that Plaintiffs' Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims are subject to immediate dismissal for failure to state a plausible claim for relief. The Court need look no further than the fact that one of the Plaintiffs is completely time-barred from asserting federal wage and hour claims. Indeed, Plaintiffs' counsel has conceded that Ms. Ansoralli's FLSA claim should be dismissed. (Dkt. No. 12 at p. 3 n.1.) CVS outlined all of these reasons in its April 22, 2016 letter request for a pre-motion conference filed pursuant to Local Rule 37.2.[1]

---

[1] Judge Amon granted CVS's request for a pre-motion conference on its anticipated motion to dismiss, which is scheduled for July 7, 2016. At the conference, Judge Amon will also address Plaintiffs' request to file a motion for conditional class certification under the FLSA. CVS has requested that Judge Amon deny this request because it is premature pending determination of CVS's proposed motion to dismiss Plaintiffs' Complaint. (Dkt. No. 12.)



May 16, 2016
Page 3

(Dkt. No. 9.)  Specifically, Plaintiffs have failed to state a plausible claim for overtime because they have not provided "sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than 40 hours per week in a given week" as required by Second Circuit precedent.  (*Id.* at p. 1-2.)  Plaintiffs have also not stated any plausible claims for relief under NYLL § 191 and NYLL § 193 since Plaintiffs have not pled any allegations concerning untimely payment of wages or unlawful deductions beyond CVS's failure to pay wages and overtime, which is not recoverable under NYLL § 191 or NYLL § 193.  (*Id.* at p. 2-3.)  CVS therefore has made a strong showing that Plaintiffs' claims are unmeritorious.

Second, Plaintiffs' counsel has already made representations to CVS's counsel that Plaintiffs want to conduct immediate and extensive ESI discovery across New York City.  This ESI discovery will be costly and expensive and weighs in favor of staying discovery until resolution of CVS's dispositive motion to dismiss, which would completely dispose of this case.

Third, there is no risk of unfair prejudice to the Plaintiffs in issuing a short stay of discovery until resolution of CVS's anticipated motion to dismiss.  Plaintiffs have not identified any immediate need for discovery in this matter. *See David Tunick, Inc. v. Kornfeld*, No. 91–civ–7027, 1993 WL 6211, *2 (S.D.N.Y. Jan.6, 1993) (staying the majority of discovery pending decision on defendants' motion to dismiss but permitting "limited discovery" on the issue of jurisdiction); *Spira v. Ashwood Fin., Inc.*, 371 F.Supp.2d 232, 234-35 (E.D.N.Y.2005) (staying "all discovery other than those pertaining to the issues involved in the parties' dispositive motions"); *Kanowitz v. Broadridge Fin. Solutions, Inc.*, No. 13–civ–649, 2014 WL 1338370, *11-12 (E.D.N.Y. Mar. 31, 2014) (granting in part and denying in part motion to stay discovery pending disposition of an anticipated motion to dismiss to permit "limited, expedited discovery to bring closure to the jurisdictional issues presented").

For the foregoing reasons, CVS respectfully requests that the Court deny Plaintiffs' request for an Order compelling CVS to engage in discovery and enter an Order staying discovery pursuant to Rule 26(c) until CVS's anticipated dispositive motion to dismiss is resolved.

Sincerely,

*/s/ James J. Swartz, Jr.*
James J. Swartz, Jr.

cc: David Gottlieb, Esq. (via CM/ECF)
Michael Willemin, Esq. (via CM/ECF)
Kenneth D. Sommer (via CM/ECF)

---

Should the Court dismiss Plaintiffs' FLSA claims, Plaintiffs' proposed motion for conditional class certification will be moot and unnecessary.  *See Peng Bai v. Fu Xing Zhuo*, No.124CIV05790-ILG-SMG, 2014 WL 2645199, *1 (E.D.N.Y. Jun. 13, 2014) (staying plaintiffs' motion for conditional certification in FLSA collective action until motion to dismiss has been resolved); *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 253 (S.D.N.Y. 1997).