UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MOMINNA ANSORALLI and ZAIRE
LAMAR-ARRUZ,[1] on behalf of themselves and
all other similarly situated employees,

                       Plaintiffs,                    **MEMORANDUM & ORDER**
                                                            - against -
                                                             16–CV–1506 (CBA) (RER)

CVS PHARMACY, INC.,

                       Defendant.
------------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

       Plaintiffs Mominna Ansoralli ("Ansoralli") and Zaire Lamarr-Arruz ("Lamarr-Arruz") bring this action on behalf of themselves and other similarly situated current and former employees of defendant CVS Pharmacy, Inc. ("CVS"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA") and New York Labor Law ("NYLL"). Plaintiffs have moved to conditionally certify a collective action and to distribute notice to putative members of the collective action pursuant to FLSA § 216(b). Defendant opposes the motion. The reader's familiarity with the claims, defenses, and arguments is presumed. For the following reasons, the motion is granted, and the proposed notice to putative members of the collective action is approved with modifications.

       A.    *Conditional Certification*

       Section 216 of the FLSA allows an employee to assert claims on behalf of "other employees similarly situated." The Second Circuit has endorsed a two-step process to determine whether to certify a collective action. *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010).

---

[1] When this action was filed, Lamarr-Arruz's legal name was Sheree Steele. The caption will be changed accordingly.

Generally, the Court examines "whether putative plaintiffs are similarly situated at an early 'notice stage' and then again after discovery is largely complete." *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012) (citation omitted).  Here, Plaintiffs move for conditional certification and judicial notice at the early "notice stage."

At this preliminary stage, the court makes "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiff[] with respect to whether a FLSA violation has occurred." *Myers*, 624 F.3d at 555 (citations omitted).  Because the evidence is generally limited at this stage in the litigation, plaintiffs need only "make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Id.* (citation and quotation marks omitted).  The factual showing for conditional certification is a "lenient one" but "even if modest, must still be based on some substance." *McGlone*, 867 F. Supp. 2d at 443 (citations omitted); *see also Myers*, 624 F.3d at 555 ("The 'modest factual showing' cannot be satisfied simply by 'unsupported assertions,' but it should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist.") (citations omitted).  "The Court does not resolve factual disputes or decide substantive issues at this stage, but rather examines the pleadings and affidavits to determine whether the named plaintiff and putative class members are similarly situated." *Ali v. New York City Health and Hosps. Corp.*, No. 11–CV–6393 (PAC), 2013 WL 1245543, at *1 (S.D.N.Y. Mar. 27, 2013) (citation omitted).

Plaintiffs have submitted declarations from themselves and five other former CVS employees who worked as market investigators under the supervision of regional loss prevention managers Anthony Salvatore and Abdul Saliu.  These declarations aver that Salvatore and Saliu required market investigators to work "off-the-clock," performing various tasks, and that such

2

work resulted in unpaid overtime. (Dkt. Nos. 44-50.) The off-the-clock tasks included: responding to work-related telephone calls, emails and text messages from Salvatore and Saliu, attending meetings with other market investigators, completing paperwork and communicating with police about shoplifting suspects "caught" while on-the-clock, and performing surveillance of shoplifting suspects even after having "clocked-out" (*Id.*) These allegations are sufficient to meet plaintiffs' modest burden on a motion for conditional certification.

CVS opposes conditional certification on two main bases. First, CVS contends that Plaintiffs' complaint and declarations fall short of establishing the existence of a formal, uniform companywide policy to require employees to work "off-the-clock" and not pay overtime wages. (Dkt. No. 51 at 7-10.) CVS argues that at most Plaintiffs have alleged merely "unlawful actions by individual, anomalous managers", which are not subject to collective action certification. (*Id.* at 10.) Second, CVS argues that Plaintiffs are not similarly situated to the putative collective action members because the factual allegations regarding the terms and conditions of employment in the complaint and Plaintiffs' declarations are "entirely different" than those of the five other former CVS employees. (*Id.* at 10.) CVS's arguments are misplaced.

As to CVS's first argument, the FLSA does not require that a plaintiff identify a formal, facially unlawful policy before obtaining conditional certification of a collective action. *See Bijoux v. Amerigroup N.Y. LLC*, No. 14-cv-3891 (RJD) (VVP), 2015 WL 5444944, * 3 (E.D.N.Y. Sept. 15, 2015). Rather, is it sufficient to show that a defendant's managers implemented a facially lawful policy in an unlawful manner, resulting in a pattern or practice of FLSA violations. *Amador v. Morgan Stanley & Co. LLC*, No. 11 Civ. 4326, 2013 WL 494020, at *6 (S.D.N.Y. Feb. 7, 2013) (quoting *Winfield v. Citibank, N.A.*, 843 F.Supp.2d 397, 405 (S.D.N.Y. 2012) and citing *Hernandez v. Merrill Lynch & Co.*, No. 11 Civ. 8472, 2012 WL 1193836, at *45 (S.D.N.Y. Apr. 6, 2012)).

To hold otherwise would allow employers to avoid FLSA collective action certification simply by promulgating compliant handbooks and policies, while letting their managers run roughshod over the FLSA's requirements. Therefore, CVS cannot defeat Plaintiffs' motion on this basis.

With regard to CVS's second argument, at this stage it is immaterial that there may be factual differences between the complaint and the various declarations in support of the motion for conditional certification.[2] There is nothing in the FLSA that requires complete symmetry in employment between the plaintiffs and the collective before the collective is conditionally certified. *Cf. Alvarez v. IBM Restaurants, Inc.*, 839 F.Supp.2d 580, 584 (E.D.N.Y. 2012) (FLSA and its implementing regulations do not define "similarly situated"). All that is necessary is "'some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims' of a particular practice." *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (quoting *Heagney v. Eurpoean Am. Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988)). Suffice it to say, Plaintiffs and the putative collective are sufficiently similar in that they were all required to work off-the-clock and were not paid for that time.[3] Indeed, courts routinely grant conditional certification despite factual variances between the plaintiff and the putative collective. *See e.g.*, *Chen v. XpresSpa at Term. 4 JFL, LLC*, No. 15-cv-1347 (CBA) (CLP), 2016 WL 5338536, *5 (E.D.N.Y. Sept. 23, 2016); *Lynch v. United Services Auto. Ass'n*, 491 F. Supp. 2d 357, 369 (S.D.N.Y. 2007).

---

[2] CVS's contention that the factual allegations in the complaint regarding Plaintiffs' declarations and would-be opt-ins "are *entirely* different" is simply wrong. (Dkt. No. 51 at 10 (emphasis added)). There is much similarity in the allegations, even if not complete symmetry. Again, complete symmetry is not required at this early stage.

[3] For similar reasons, CVS's arguments regarding timeliness, preclusive effect of arbitration agreements, and the *de minimis* exception to the FLSA are irrelevant. These are issues to be raised in the decertification phase, after discovery has been completed.

B.     *Content of the Notice*

CVS objects to several aspects of the proposed collective action notice: (1) distribution by first-class mail, email, text message and posting at stores; (2) the six-year limitation period running from when the motion was filed; (3) failure to include a statement of (a) CVS's defenses to the action, (b) opt-ins' discovery and trial obligations, and (c) opt-ins' responsibility to pay costs and fees if they do not prevail; (4) references to state and federal laws other than the FLSA; (5) filing of opt-in forms with plaintiffs' counsel rather than the Clerk of the Court; and (6) failure to include contact information for defense counsel. (Dkt. No. 51 at 17-25.)

District courts have discretion to determine what constitutes adequate notice to a putative collective under the FLSA. *Laroque v. Domino's Pizza*, LLC, 557 F.Supp.2d 346, 356 (E.D.N.Y. 2008). "Courts consider the overarching policies of the collective suit provisions and whether the proposed notice provides accurate and timely notice concerning the pendency of the collective action, so that [an individual receiving the notice] can make an informed decision about whether to participate." *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55 (S.D.N.Y. 2009).

Notice by first-class mail and email is appropriate here. Given the relatively limited nature of the putative collective – market investigators under the supervision of Salvatore and Saliu, rather than all market investigators in CVS's employ – posting at all CVS stores in New York City is inappropriate. Accordingly, Plaintiffs and CVS shall meet and confer on the wording of the email and raise any disputes with the Court within seven business days.

The notice period shall be six years from the date the motion for conditional certification was served on CVS, which was August 30, 2016. (Dkt. No. 31). *See also Winfield v. Citibank, N.A.,* 843 F.Supp.2d 397, 410–11 (S.D.N.Y. 2012) (finding it permissible to extend notice period to six years for class members employed in New York that may have NYLL claims);

5

*Schwerdtfeger v. Demarchelier Mgmt., Inc.*, No. 10 Civ. 7557, 2011 WL 2207517, at *3 (S.D.N.Y. June 6, 2011) (noting that there may be a number of employees with both timely FLSA and state law claims, and the total number of potential plaintiffs does not appear to be so large that requiring the defendants to provide information for employees dating back six years would be unduly burdensome; also noting that "responses by any former employees who have potential claims under New York law, but not under the FLSA, may be relevant to a subsequent determination as to whether a class should be certified under New York law") (internal citations and quotations omitted); *Klimchak v. Cardrona, Inc.*, 09-cv-4311, 2011 WL 1120463, at *7 (E.D.N.Y. Mar. 24, 2011) ("...it is appropriate to permit plaintiffs to provide notice to potential opt-in plaintiffs who may have viable state law claims within the six (6) year statute of limitations period, even if those plaintiffs' FLSA claims might be time-barred."); *Pineda v. Jim–Mar Consultants, Inc.*, 741 F. Supp. 2d 403, 404 (E.D.N.Y. 2010) (finding it appropriate and in the interest of judicial economy to allow a six-year period to apply where claims under the FLSA and New York Labor Law were alleged, even if some recipients of the notice would have claims that are time-barred under the FLSA) (internal quotations and citations omitted); *Kumar Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303, 308 (S.D.N.Y. 1998) (Sotomayor, J.) (authorizing the plaintiffs in collective action to provide notice to employees who worked at defendants' New York restaurants within the last six years of the pendency of the lawsuit as "[i]t will then be up to those individuals to decide whether they wish to opt-in to this action"). In this regard, it is also appropriate for the notice to include the phrase "which is one of the laws under which this action was commenced." (Dkt. No. 51 at 21.) *See also Guzman v. VLM, Inc.*, No. 07-cv-1126 (JG)(RER), 2007 WL 2994278, *7 (E.D.N.Y. Oct. 11, 2007).

There shall be no reference in the notice to opt-ins' discovery and trial obligations or their responsibility to pay costs or fees if they do not prevail. *Id.* at *7-8. The notice shall, however, include a general denial of liability in the introductory section as per *Anjum v. J.C. Penney Co.*, No. 13-cv-460 (RJD)(RER), 2015 WL 36030973, at *15 (E.D.N.Y. June 5, 2015), and list defendant's counsel as well. *Guzman*, 2007 WL 2994278, at *8.

Finally, opt-in forms shall be filed with the Clerk of the Court, not plaintiffs' counsel. *Lujan v. Cabana Mgmt., Inc.,* 10–cv–755 (ILG), 2011 WL 317984, at *13 (E.D.N.Y. Feb. 1, 2011); *Bowens v. Atlantic Maint. Corp.*, 546 F.Supp.2d 55, 84-85 (E.D.N.Y. 2008); *Guzman*, 2007 WL 2994278, at *9. Such a measure will safeguard against the possibility that opt-in plaintiffs would be discouraged from seeking outside counsel.

//

//

//

//

//

//

//

## **CONCLUSION**

For the reasons set forth above, plaintiffs' motion for conditional certification of a collective action is granted.

SO ORDERED.

*Ramon E. Reyes Jr.*

Ramon E. Reyes, Jr.
United States Magistrate Judge

Dated: February 13, 2017
Brooklyn, New York