
1355 Peachtree Street NE, Suite 500, Atlanta, GA, 30309    404.253.6000

June 20, 2017

**VIA CM/ECF**

James J. Swartz
(404) 253-6046
jswartz@polsinelli.com

The Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Ansoralli et al. v. CVS Pharmacy, Inc.*, **Case No. 16-CV-01506: CVS's Request for Pre-Motion Conference On Anticipated Motion to Dismiss the Claims of Certain Opt-ins or, Alternatively, to Compel Arbitration**

Dear Judge Amon,

    We represent Defendant CVS Pharmacy, Inc. ("CVS") and write pursuant to Local Civil Rule 7.1(d) and Individual Practice Rule 3.A. to request a pre-motion conference in connection with CVS's anticipated motion to dismiss the claims of certain Opt-ins or, alternatively, to compel arbitration. Twelve of the individuals who filed consents to join the above-referenced collective action ("Opt-ins") are subject to dismissal because they agreed to submit all claims arising out of their employment, including wage claims and class/collective claims, to binding arbitration on an individual basis.

    In fact, Opt-in Lacole Simpson already is proceeding in an arbitration in which she has asserted the same wage and hour claims she seeks to join here. Opt-Ins Kerth Pollock and Delbert Sorhaindo were compelled under the same arbitration agreements by the U.S. District Court for the Southern District of New York to bring their individual employment claims in arbitration. (*See* S.D.N.Y. Orders, attached as Exhibit 1.) Having already been compelled to arbitrate under the exact or materially the same arbitration agreements, Simpson, Pollock, and Sorhaindo (and the other Opt-ins discussed below) now seek to rely upon an ineffective NLRB order to avoid arbitration. As explained briefly below, the arbitration agreements entered into between Opt-ins and CVS are valid and enforceable, and they and their claims must be dismissed from this action.

    The Opt-ins agreed to arbitrate all claims arising out of their employment with CVS in one of two ways. Opt-ins Lisa Smith, Shavar Williams, Micaela Mora, and Jonathan Segura agreed to arbitration upon their hire by CVS by signing written arbitration agreements. (*See, e.g.*, Smith Agreement attached as Exhibit 2.) Opt-ins Simpson, Pollock, Sorhaindo, Tysheem Bowman, Eduardo Leach, Lonnie General, Levon Perry, and Karisma Dowling agreed to arbitration by accepting CVS's Arbitration Policy as part of the terms and conditions of their

polsinelli.com

Atlanta    Boston    Chicago    Dallas    Denver    Houston    Kansas City    Los Angeles    Nashville    New York    Phoenix
St. Louis    San Francisco    Washington, D.C.    Wilmington



employment, by taking a computer-based training course that explained the CVS Arbitration Policy and by electronically acknowledging and agreeing to the policy. (*See, e.g.*, Simpson's Training Material and Acknowledgement, attached as Exhibit 3.) Each method provided a procedure for the Opt-ins to opt out of the CVS arbitration program, but none of them chose to do so.

The Federal Arbitration Act ("FAA") governs the arbitration agreements at issue and carries a strong presumption of arbitrability. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 113 (2001); *U.S. Fire Ins. Co. v. Nat'l Gypsum Co.*, 101 F.3d 813, 816 (2d Cir. 1996) ("If a party refuses to arbitrate, arbitrability of the dispute hinges only on whether there is an agreement to arbitrate and, if so, whether the dispute falls within that agreement.") "Once a court is satisfied that an arbitration agreement is valid and the claim before it is arbitrable, it must stay or dismiss further judicial proceedings and order the parties to arbitrate." *Thomas v. Pub. Storage, Inc.*, 957 F. Supp. 2d 496, 499 (S.D.N.Y. 2013).

Under New York contract law principles, all twelve of the Opt-ins have entered into valid contracts to arbitrate, regardless of which method. *See, e.g.*, *Nardi v. Povich*, 2006 WL 2127714, *1-2, 4, 824 N.Y.S.2d 764 (N.Y. Sup. Ct. July 31, 2006) (compelling arbitration based on signed employment agreement that incorporated an arbitration provision by reference); *Graham v. Command Sec. Corp.*, 2014 WL 8096223, *6, 13 N.Y.S. 3d 850 (N.Y. Sup. Ct. Sept. 29, 2014) (arbitration agreement formed by signing an acknowledgment indicating that employee read and understood the employer's dispute resolution policy).

The CVS arbitration agreements also contain a clear and unmistakable delegation clause that narrows the Court's role from deciding whether there is an applicable arbitration agreement to only deciding whether there is a valid delegation clause. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 72 (2010). (*See, e.g.*, Smith Agreement at § 2 (disputes arising out of the validity, enforceability, or breach of the arbitration agreement go to the arbitrator).). Inasmuch as any arguments by Opt-ins to the contrary are unrelated to and do not conflict with the Agreement's delegation of enforceability issues to the arbitrator, the Opt-ins' claims should be dismissed or stayed pending an arbitrator's ruling on any such issues.

CVS anticipates that Opt-ins will challenge their agreements on the grounds that the class action waiver in them purportedly violates the National Labor Relations Act ("NLRA"), and that there is a National Labor Relations Board ("NLRB") Order decided in May 2016 making such a finding with respect to the CVS arbitration agreement. (*See* "Sternfeld NLRB Order," attached as Exhibit 4.) However, the Second Circuit expressly rejected the argument that a class action waiver in an arbitration agreement violates the NLRA. *See Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 297 n.8 (2nd Cir. 2013) (enforcing arbitration agreement with class action waiver).

Additionally, the NLRB order on which Opt-ins exclusively rely has no impact on the validity and enforceability of the CVS Arbitration Agreement. NLRB orders are "not self-enforcing" and actual enforcement of them is not permitted or required "until there has been a full judicial review." *E.I. Dupont De Nemours & Co. v. Boland*, 85 F.2d 12, 14-15 (2d Cir. 1936). NLRB orders are "wholly ineffective and inoperative unless and until [they are] approved



and enforcement ordered by the appropriate Circuit Court of Appeals." *Id.* at 15. The Board has not petitioned a Court of Appeals for enforcement of the Sternfeld NLRB Order, and no court has issued an enforcement decree. (*See* Sternfeld Docket, attached as Exhibit 5.) As such, CVS has absolutely no obligation to comply with the Sternfeld NLRB Order, and its Arbitration Agreement remains valid and enforceable. *See In re N.L.R.B.*, 304 U.S. 486, 495 (1938) ("Compliance [with a Board order] is not obligatory until the court, on petition of the Board or any party aggrieved, shall have entered a decree enforcing the order as made, or as modified by the Court.")

Moreover, only the Board can seek enforcement of its orders, not the Opt-ins. The Opt-ins simply have no standing to request this Court to enforce the Sternfeld NLRB Order, as they are trying to do by opposing CVS's efforts to compel arbitration. *Amalgamated Util. Workers et al. v. Consol. Edison Co. of New York, Inc., et al.*, 309 U.S. 261, 265-66 (1940) (explaining that only the Board can seek to enforce its orders and private persons have no authority to secure enforcement). By not seeking enforcement of the Sternfeld NLRB Order and by moving to stay CVS's appeal to the Fifth Circuit Court of Appeals, where binding precedent would require the Fifth Circuit to overrule the Board's order,[1] the Board has essentially self-imposed a stay of its order. (*See* Board's Motion to Stay in Sternfeld, attached as Exhibit 6.) This Court is not bound by the Sternfeld NLRB Order in any case, because its interpretation of the FAA and NLRA conflicts with existing Second Circuit precedent (as discussed above). *See, e.g.*, *Lloyd v. J.P. Morgan Chase & Co.*, 2013 WL 4828588, *6 n.7 (S.D.N.Y. Sept. 9, 2013) (the district court "owes no deference to decisions by the NLRB, insofar as they interpret or attempt to reconcile the FAA with the NLRA"). Accordingly, this Court must follow *Sutherland*'s binding precedent, reject the Sternfeld NLRB Order, and enforce the CVS Arbitration Agreement.

For the foregoing reasons, CVS respectfully requests a pre-motion conference or that the Court grant this application and set a briefing schedule for CVS's anticipated motion.

Sincerely,

*/s/ James J. Swartz, Jr.*

James J. Swartz

cc: David Gottlieb, Esq. (via CM/ECF)
Michael Willemin, Esq. (via CM/ECF)
Kenneth D. Sommer, Esq. (via CM/ECF)
Polsinelli counsel

---

[1] *Murphy Oil USA, Inc. v. N.L.R.B.*, 808 F.3d 1013, 1015 (5th Cir. 2015) (rejecting the NLRB's position and finding arbitration agreement with class action waiver made a condition of employment enforceable and not a violation of the NLRA).