

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**David E. Gottlieb**
dgottlieb@wigdorlaw.com

December 4, 2017

**VIA ECF**

The Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>*Ansoralli et al. v. CVS Pharmacy, Inc.*; Civil Action No. 16-cv-1506 (CBA)(RER)</u>

Dear Judge Amon,

We represent Plaintiffs and write jointly with Defendant (together, the "Parties") to inform the Court that we have reached a settlement of all claims and to respectfully request the Court's approval of the settlement, as required under *Cheeks v. Freeport Pancake House, Inc.*, 795 F.3d 199 (2d Cir. 2015), because some of the claims asserted by Plaintiffs were brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. The Settlement Agreement ("Agreement") is attached to this letter for inspection by the Court. The Parties state the following in support of their request:

**I.**     <u>**Statement of the Case**</u>

On March 28, 2016, Plaintiffs Mominna Ansoralli and Zaire Lamar-Arruz (f/k/a Sheree Steele) filed this action, alleging overtime claims under the FLSA and New York Labor Law ("NYLL") § 190, *et seq.*, as well as claims for unpaid wages under NYLL §§ 191 and 193. Dkt. No. 1. The Court later dismissed Plaintiffs' claims under NYLL §§ 191 and 193 on September 30, 2017. Dkt. No. 95.

Plaintiff Ansoralli voluntarily dismissed her FLSA claims (as time-barred), but Plaintiff Lamar-Arruz proceeded to seek and obtain conditional certification pursuant under the FLSA, 29 U.S.C. § 216(b). Dkt. Nos. 41, 60. Notice of this lawsuit was sent to the putative collective in February 2017, and fourteen additional individuals filed consents to join this action (the Parties refer herein to Plaintiffs Ansoralli, Lamar-Arruz, and the opt-ins collectively as "Plaintiffs"). CVS has moved to dismiss twelve of the individuals who filed consents to join the case on the grounds that they are required to arbitrate their claims pursuant to arbitration agreements that they entered into in connection with their employment with CVS.




In addition, CVS vigorously disputes that Plaintiffs were not paid properly for all time they worked for CVS, or that they are entitled to overtime pay as alleged in the Amended Complaint.

The Parties have conducted substantial discovery, including production by CVS of payroll and timekeeping records of Plaintiffs, policies and procedures related to timekeeping and attendance, telephone records related to Plaintiffs, as well as electronically stored information such as emails regarding Plaintiffs' claims.

The Agreement is the result of arduous arms-length negotiation between counsel for the Parties. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of the Plaintiffs' claims asserted in this case as outlined more specifically in the Agreement.

The Agreement is fair, reasonable, adequate and in the Parties' mutual best interests. For these reasons, and for the reasons set forth below, the Parties jointly and respectfully request that the Court enter an Order approving the settlement as fair and reasonable and directing the Parties to file a stipulation of dismissal with prejudice.

## II.     The Proposed Settlement is Fair and Reasonable

Under *Cheeks v. Freeport Pancake House, Inc.*, 795 F.3d 199 (2d Cir. 2015), and the seminal case of *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), which is regularly followed by this Court and other courts within the Second Circuit, a court may approve a settlement where it "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (quoting *Lynn's Food Stores, Inc., v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Khait v. Whirlpool Corp.*, No. 06 Civ. 6381 (ALC), 2010 WL 2025106, at *6 (E.D.N.Y. Jan. 20, 2010) ("The standard for approval of a FLSA settlement is lower than for a Rule 23 settlement because a FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement.").

Ultimately the Court "must evaluate whether a proposed FLSA settlement is 'fair and reasonable' and whether any proposed award of attorneys' fees is reasonable." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) (citing *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). Factors that may be considered include "(1) the plaintiff's possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id.* (citing *Wolinsky,* 900 F. Supp. 2d at 335).



Here, the Plaintiffs claim they performed off-the-clock work while working for supervisors Anthony Salvatore and Abdul Saliu, including telephone calls with their supervisors, and various work activities for which they claim they were not paid. However, CVS denies these claims entirely, and if the case proceeded, would present both testimonial and documentary evidence to refute them. CVS also would present evidence to support other defenses that completely bar recovery: statutes of limitations, the *de minimis* defense, and, in some cases, Plaintiffs' alleged work hours did not rise to an overtime claim (*i.e.*, even with the alleged work, they did not work over 40 hours a week). Moreover, in support of CVS's good faith defenses, which would eliminate the recovery of any liquidated damages under the FLSA, CVS would present evidence that it adhered to policies requiring that employees be paid for all time worked, and requiring employees to report any working time for payment. Furthermore, CVS prevailed on a partial motion to dismiss that removed any claim for damages based on off-the-clock work performed that did not constitute overtime, which was a large percentage of the asserted claims.

The Parties negotiated with an understanding of the strengths and weaknesses of the claims and defenses, and agreed upon the amount set forth in the Settlement Agreement as a reasonable compromise of the disputed claims based on each individual Plaintiff's tenure and risks associated with litigation of each Plaintiff's claims. According to CVS's records, Plaintiffs worked a total of 1,208 weeks under Messrs. Salvatore and Saliu. If each Plaintiff worked one overtime hour per week without compensation, the universe of damages if Plaintiffs were successful would be approximately $22,000. However, many Plaintiffs did not work 40 hours each week, and there are significant hurdles to establishing liability. Under the Settlement Agreement, after attorneys' fees and expenses, each Plaintiff will recover the equivalent of approximately one overtime hour for every three weeks worked under Messrs. Salvatore and Saliu.

Judge Cogan of the Eastern District of New York articulated the standard for approval of FLSA settlement agreements as follows:

> Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.

*Massiah v. MetroPlus Health Plan, Inc.*, No. 11 Civ. 5669 (BMC), 2012 WL 5874655, at *5 (E.D.N.Y. Nov. 20, 2012) (internal citations omitted). The Parties respectfully submit that this standard for judicial approval of the Agreement has been met here. We further note that this is not a class settlement where absentee class members' rights are potentially implicated by a settlement. Here, all 16 Plaintiffs are represented by counsel and they have all independently agreed to the terms of the Settlement Agreement as fair and reasonable.



Likewise, the attorneys' fees set forth in the agreement to be paid to Plaintiffs' counsel is a very modest amount. While Plaintiffs' counsel was retained on a one-third contingency,[1] Plaintiffs' counsel has agreed to be paid a 25% contingency here in order to help maximize the funds going to the Plaintiffs. This comes out to a fee of $3,750, whereas Plaintiffs' counsel's lodestar is more than $75,000.[2] Plaintiffs' counsel's lodestar far exceeds the amount accepted by Plaintiffs' counsel due to: (1) the number of Plaintiffs; (2) the issues presented, and (3) the substantial discovery and motion practice that has occurred since 2016 on each Plaintiffs' claims. The fact that Plaintiffs' counsel's fee under the Agreement is only $3,750 underscores the reasonableness of the fee. *See, e.g.*, *Hens v. Clientlogic Operating Corp.*, No. 05 Civ. 381S, 2010 WL 5490833 (W.D.N.Y. Dec. 21, 2010) (approving settlement of FLSA claims where the amount of plaintiffs' attorneys' fees "is significantly less" than the lodestar).

Further, in the context of individual settlement of wage and hour claims, courts in this Circuit have acknowledged that plaintiffs' attorneys' fees often exceed the individual damage amounts at issue, even though that is not the case here. *See, e.g.*, *Clover v. Shiva Realty of Mulberry, Inc.*, No. 10 Civ. 1702, 2011 WL 1832581, at *4 (S.D.N.Y. May 13, 2011) (in light of the purposes underlying fee-shifting statutes, fees sought pursuant to the FLSA "are not to be linked to the dollar value of the claim"); *Vasquez v. Ranieri Cheese Corp.*, No. 07 Civ. 464, 2011 WL 554695, at *4 (E.D.N.Y. Feb. 7, 2011) ("[C]ourts have rejected the notion that fee award should be proportionately tied to a plaintiff's recovery.")

Plaintiffs' counsel also seeks reimbursement of $2,679 in expenses. This represents one-half the expenses Plaintiffs' counsel incurred in connection with this action, as Plaintiffs' counsel has waived reimbursement of the remaining expenses.[3]

## III.  Conclusion

Based on the foregoing, the Parties respectfully request that the Court approve the Settlement Agreement and order the Parties to file a stipulation of dismissal with prejudice in accordance with the Parties' Agreement.

---

[1]  Retainer agreements between Plaintiffs and Plaintiffs' counsel will be provided as may be requested by the Court.

[2]  Plaintiffs' counsel's contemporaneous billing records to corroborate this lodestar figure will be provided as may be requested by the Court.

[3]  Plaintiffs' counsel's expense documentation will be provided as may be requested by the Court.



Respectfully submitted,

David E. Gottlieb

Encl.

cc: Counsel for Defendant (via ECF)

# SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between Mominna Ansoralli, Zaire Lamar-Arruz (f/k/a Sheree Steele), Tysheem Bowman, Chistopher Diaz, Karisma Dowling, Lonnie General, Eduardo Leach, Andre Mantack, Micaela Mora, Levon Perry, Kerth Pollack, Jonathan Segura, Lacole Simpson, Lisa Smith, Delbert Sorhaindo, and Shavar Williams, on behalf of themselves, their heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Plaintiffs") and CVS Pharmacy, Inc. ("CVS" or "Defendant"), and its respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties" or individually as "Released Party"). Throughout this Agreement, CVS and Plaintiffs shall collectively be referred to as the "Parties" and individually as a "Party." This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Plaintiffs.

WHEREAS, Plaintiffs were employed by CVS as Market Investigators; and

WHEREAS, Plaintiffs Ansoralli and Lamar-Arruz (f/k/a Steele) filed the lawsuit *Ansoralli, et al. v. CVS Pharmacy, Inc.*, Case 1:16-cv-01506-CBA-RER (the "Action") in the United States District Court for the Eastern District of New York (the "Court"), alleging wage and hour claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and under the New York Labor Law ("NYLL") against CVS;

60943685.1

WHEREAS, the Court granted Plaintiff Ansoralli's and Lamar-Arruz's motion for conditional certification of Lamar-Arruz's claims under the FLSA, after which Plaintiffs Bowman, Diaz, Dowling, General, Leach, Mantack, Mora, Perry, Pollack, Segura, Simpson, Smith, Sorhaindo, and Williams filed consents to join this Action;

WHEREAS, CVS denies that it has committed any wrongdoing or violated the FLSA, the NYLL, or any other law governing the payment of wages to Plaintiffs, has vigorously disputed the claims asserted in the Action, and asserts that it has strong defenses to the claims in the Action, which defenses are meritorious;

WHEREAS, Plaintiffs' counsel has thoroughly investigated Plaintiffs' claims in this Action, both informally and through discovery in the Action, and evaluated the facts and law relating to the claims asserted in the Action. After balancing the benefits of settlement with the costs, risks, and delay of continued litigation, Plaintiffs and their counsel believe the settlement as provided in this Agreement is in Plaintiffs' best interests and represents a fair, reasonable, and adequate resolution of the Action;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. As consideration, CVS agrees to pay Plaintiffs the total amount of **FIFTEEN THOUSAND DOLLARS ($15,000.00)**, inclusive of attorneys' fees and costs, allocated as follows:

    A. Payroll checks in the following amounts to the following Plaintiffs for the purpose of settling and compromising Plaintiffs' claim for alleged unpaid wages and liquidated damages. These amounts shall be treated as wages with the applicable taxes and legal deductions made:

60943685.1

2

i. Ansoralli, Mominna: $120.62

ii. Lamar-Arruz, Zaire (f/k/a Sheree Steele): $269.62

iii. Bowman, Tysheem: $723.71

iv. Diaz, Christopher: $234.14

v. Dowling, Karisma: $290.90

vi. General, Lonnie: $631.47

vii. Leach, Eduardo: $908.19

viii. Mantack, Andre: $1,071.38

ix. Mora, Micaela: $397.33

x. Perry, Levon: $312.19

xi. Pollock, Kerth: $858.52

xii. Segura, Jonathan: $290.90

xiii. Simpson, Lacole: $801.76

xiv. Smith, Lisa: $581.81

xv. Sorhaindo, Delbert: $872.70

xvi. Williams, Shavar: $205.76

B. A check in the amount of **SIX THOUSAND FOUR HUNDRED TWENTY NINE DOLLARS ($6,429.00)**, made payable to Plaintiffs' attorneys, Wigdor, LLP, for the purpose of settling and compromising Plaintiffs' claim for attorneys' fees and costs in the Action.

The settlement payments described above will be due in Plaintiffs' counsel's office (c/o David E. Gottlieb, 85 Fifth Avenue, New York, NY 10003) by twenty-one (21) days from the latest of the following dates: (a) the date the Court dismisses the Action with prejudice, (b)

60943685.1

Plaintiffs' counsel delivers to CVS's counsel fully executed Agreements from it and Plaintiffs along with a W4 from each Plaintiff and a W9 from Plaintiffs' Counsel.

The payments to Plaintiffs are and shall be treated as wage payments, subject to all legally required deductions and tax withholdings. CVS shall issue to each Plaintiff for these payments a W2 for the year in which the payments are made. Plaintiffs are and shall be solely responsible for all federal, state, and local taxes that they may each owe by virtue of their receipt of the monetary payments provided under this Agreement. Plaintiffs agree to indemnify and hold The Released Parties harmless from any and all liability, including, without limitation, all penalties, interest, and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Plaintiffs under this Agreement.

2. Plaintiffs irrevocably and unconditionally release all claims for unpaid wages that they had or may now have from the beginning of time until the date of this Agreement against The Released Parties. Such released claims include claims under federal and state laws governing payment of wages, such as the FLSA, as well as any state or local law (both statutory, such as the NYLL, and common law) pertaining to hours of work, meal breaks, payment of wages, compensation, overtime pay, damages, interest, and/or penalties, including without limitation all claims that were asserted or could have been asserted in the Action regarding events that occurred regarding Plaintiffs' employment with any Released Party. Plaintiffs agree that these are disputed claims and represents that upon receipt of the above mentioned funds, they will have released all claims under the FLSA, the NYLL, or any other statutory or common law theory for any and all work performed for or on behalf of The Released Parties.

3. By entering into this Agreement, no Released Party admits any liability, fault or wrongdoing. This Agreement and compliance with this Agreement shall not be construed as an admission by any Released Party of any liability whatsoever, or as an admission by any Released Party of any violation of the rights of any person or entity, violation of any order, law, statute, duty, or contract whatsoever against any person or entity. The Released Parties specifically disclaim any liability to Plaintiffs or any other person for any alleged violation of the rights of Plaintiffs or any person, or for any alleged violation of any order, law, statute, duty, or contract on the part of any Released Party, its related companies, employees, agents, or employees or agents of the related companies. With respect to any matter released in this Agreement, Plaintiffs covenant and agree that they shall not at any time hereafter commence, maintain, or prosecute, and shall not assist in the instigation, commencement, maintenance, or prosecution of any lawsuit in any court or arbitral forum against The Released Parties which has or could have been raised in any such court or arbitral proceeding as of the date of this Agreement.

4. Each Party shall be responsible for payment of his, her, or its own attorneys' fees and costs.

5. The Parties will seek Court approval of the Agreement. Plaintiffs and Plaintiffs' Counsel agree to cooperate in obtaining such approval and fully support this Agreement and approval of this Agreement.

6. Plaintiffs represent and warrant that they are authorized to enter into and that they have the authority to perform the terms of this Agreement. Plaintiffs represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of their claims brought in this Action.

7. If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

8. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

9. This Agreement is binding on each of the Parties and his or its respective heirs, successors, and assigns.

10. In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its reasonable attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

11. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to its choice of laws or conflict of laws principles.

12. Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the other Parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

13. The Parties acknowledge that each Party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this

60943685.1

Agreement. No ambiguity shall be construed against any Party based upon a claim that the Party drafted the ambiguous language.

14. The Parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The Parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

15. Plaintiffs acknowledge that they have been advised to consult their attorney prior to signing this agreement. Plaintiffs understand that whether or not they consult with their attorney is their decision. In this respect, Plaintiffs have consulted with and been advised by Wigdor, LLP in this matter and each is satisfied that Wigdor LLP has provided him excellent legal advice and has explained to them all of their options in connection with this Agreement.

16. This Agreement is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement. This Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

[SIGNATURES ON FOLLOWING PAGES]

Date: 11/13/2017

[signature] Mominna Ansoralli

Date: 11/7/2017

[signature] Zaire Lamar-Arruz (f/k/a Sheree Steele)

Date: 11/9/2017

[signature] Tysheem Bowman

Date: 11/8/2017

[signature] Christopher Diaz

Date: _____

Karisma Dowling

Date: _____

Lonnie General

Date: 11-7-2017

[signature] Eduardo Leach

Date: 11/7/17

[signature] Andre Mantack

Date: 11/13/2017

[signature] Micaela Mora

Date: 11/16/2017

[signature] Levon Perry

Date: 11/8/17

[signature] Kerth Pollock

Date: _____

Jonathan Segura

Date: 11/7/17

[signature] Lacole Simpson

Date: _____

Lisa Smith

Date: 11/10/17

[signature] Delbert Sorhaindo

60943685.1

8

| Date: _____ | _____<br>Mominna Ansoralli |
|---|---|
| Date: _____ | _____<br>Zaire Lamar-Arruz (f/k/a Sheree Steele) |
| Date: _____ | _____<br>Tysheem Bowman |
| Date: _____ | _____<br>Christopher Diaz |
| Date: _____ | _____<br>Karisma Dowling |
| Date: _____ | _____<br>Lonnie General |
| Date: _____ | _____<br>Eduardo Leach |
| Date: _____ | _____<br>Andre Mantack |
| Date: _____ | _____<br>Micaela Mora |
| Date: _____ | _____<br>Levon Perry |
| Date: _____ | _____<br>Kerth Pollock |
| Date: 11/15/17 | _____*[signature]*_____<br>Jonathan Segura |
| Date: _____ | _____<br>Lacole Simpson |
| Date: _____ | _____<br>Lisa Smith |
| Date: _____ | _____<br>Delbert Sorhaindo |

60943685.1

Date:_____  _____
                            Mominna Ansoralli

Date:_____  _____
                            Zaire Lamar-Arruz (f/k/a Sheree Steele)

Date:_____  _____
                            Tysheem Bowman

Date:_____  _____
                            Christopher Diaz

Date:_____  _____
                            Karisma Dowling

Date: 11-9-17               *Lonnie General* (signature)
                            Lonnie General

Date:_____  _____
                            Eduardo Leach

Date:_____  _____
                            Andre Mantack

Date:_____  _____
                            Micaela Mora

Date:_____  _____
                            Levon Perry

Date:_____  _____
                            Kerth Pollock

Date:_____  _____
                            Jonathan Segura

Date:_____  _____
                            Lacole Simpson

Date:_____  _____
                            Lisa Smith

Date:_____  _____
                            Delbert Sorhaindo

609 43685.1

8

| | |
|---|---|
| Date:_____ | _____<br>Mominna Ansoralli |
| Date:_____ | _____<br>Zaire Lamar-Arruz (f/k/a Sheree Steele) |
| Date:_____ | _____<br>Tysheem Bowman |
| Date:_____ | _____<br>Christopher Diaz |
| Date: 11/10/17 | _Kerusner Reuing_____<br>Karisma Dowling |
| Date:_____ | _____<br>Lonnie General |
| Date:_____ | _____<br>Eduardo Leach |
| Date:_____ | _____<br>Andre Mantack |
| Date:_____ | _____<br>Micaela Mora |
| Date:_____ | _____<br>Levon Perry |
| Date:_____ | _____<br>Kerth Pollock |
| Date:_____ | _____<br>Jonathan Segura |
| Date:_____ | _____<br>Lacole Simpson |
| Date:_____ | _____<br>Lisa Smith |
| Date:_____ | _____<br>Delbert Sorhaindo |

60943685.1

Date:_____

_____
Mominna Ansoralli

Date:_____

_____
Zaire Lamar-Arruz (f/k/a Sheree Steele)

Date:_____

_____
Tysheem Bowman

Date:_____

_____
Christopher Diaz

Date:_____

_____
Karisma Dowling

Date:_____

_____
Lonnie General

Date:_____

_____
Eduardo Leach

Date:_____

_____
Andre Mantack

Date:_____

_____
Micaela Mora

Date:_____

_____
Levon Perry

Date:_____

_____
Kerth Pollock

Date:_____

_____
Jonathan Segura

Date:_____

_____
Lacole Simpson

Date: 11/30/2017

*Lesa Smith* （signature）
Lisa Smith

Date:_____

_____
Delbert Sorhaindo

60943685.1

8

Date: 11-14-17   *Shavar Williams* (signature)
Shavar Williams

CVS PHARMACY, INC.

Date: 1 Dec 17
Sign: *David M. Jaffe* (signature)
Print Name: David M. Jaffe

60943685.1

9